## H. V. Fall v. J. C. Nations et al.

Delivered November 11, 1897.

**Trespass to Try Title—Unsurveyed Homestead Application.**

An application for a homestead donation of public land, upon which no survey has been made, is insufficient to sustain an action of trespass to try title. Article 5259, Revised Statutes of 1895, construed, and Taylor v. Hubbard, 21 Southwestern Reporter, 241, distinguished.

Appeal from Nacogdoches. Tried below before Hon. Tom C. Davis.

*Ingraham & Ratcliff* and *E. W. Smith*, for appellant.

*E. B. Lewis* and *Branch & Garrison*, for appellees.

Garrett, Chief Justice.—The appellee, J. C. Nations, brought this suit in the District Court of Nacogdoches County against H. V. Fall, the appellant, and also against J. J. Shirley, justice of the peace, and the sureties on his official bond, and against R. J. Lindsey, constable, and the sureties on his official bond, for the recovery of damages, for that he was wrongfully dispossessed of a tract of land by virtue of a writ of restitution that had been illegally issued by said justice in a suit of forcible entry and detainer, and executed by said constable at the instance of appellant, and for the recovery of the land of which appellee had been dispossessed. Upon trial in the court below a demurrer was sustained as to the justice of the peace and constable and their sureties, and they were dismissed from the suit. No appeal has been taken from the action of the court in this respect. The case was tried by a jury, and resulted in a verdict and judgment against the appellant for the recovery of the land, but without damages.

The first assignment of error is upon the action of the court in overruling the appellant's demurrer to the petition, it being contended that the plaintiff did not have such a title to the land as was sufficient to sustain the action of trespass to try title. Sufficient title to maintain the action is defined by the Revised Statutes as follows:

"Article 5259. All certificates for headright, land scrip, bounty warrant, or any other evidence of right to land recognized by the laws of this State which have been located and surveyed, shall be deemed and held as sufficient title to authorize the maintenance of the action of trespass to try title."

The petition based appellee's right to recover upon the following facts: It averred that plaintiff was in possession of the land on February 4, 1894, when he was dispossessed thereof by a writ of restitution illegally issued by the justice of the peace at the instance of the defendant. The tract of land was fully described in the petition, and was alleged to be 160 acres, with about 15 acres inclosed and improved; it was alleged that the land belonged to the State and was vacant; that on November 14,

1881, one William Woodson made his application to file on the same under the homestead donation act, and it was surveyed for him by the county surveyor on this file on January 16, 1882; that afterwards said Woodson died, and his claim was never perfected; that on February 21, 1885, his widow, Mary Woodson, made an application to file on the land; that she sold her interest in the improvement to M. Mast, and that said Mast, as assignee, presented his application for file thereon to the county surveyor, October 30, 1889; that plaintiff was the head of a family without any other home, and on December 1, 1893, believing the land to be vacant, he moved upon the same with the consent of said Mast, after having purchased the interest of himself and his tenant, one George Woodson, and began to improve it with the view of making it his permanent home and of complying with the law prescribed for obtaining the homestead donation, and that thereafter on January 18, 1894, he presented his application to the county surveyor of Nacogdoches County to file thereon and to have the same surveyed as required by law.

It appears from the petition that the right of Willliam Woodson, for whom the land had been surveyed, was never perfected; and it was not shown that any survey was made on either of the subsequent applications; nor did the appellee show that he was the assignee of a claim that had been preserved by settlement and survey. It is only shown that appellee took possession of the land with the consent of Mast. It is not averred that Mast ever settled on the land, or that it was ever surveyed for him. Hence appellee did not show by his averments that he acquired any right as assignee of a prior claim, nor but that it was necessary for him to have the land surveyed upon his own application. Rev. Stats., art. 4160 et seq.

It will be seen from the foregoing averments of the petition that the land had not been surveyed upon the appellee's application, even if it should be considered that it had been located by the description contained therein. In the case of Thomson v. Locke, 66 Texas, 383, the Supreme Court, in construing the statute above copied, said that the action could not be maintained on a right lower than that acquired by location and survey. Prior to the adoption of the Revised Statutes, the law only required the location upon the land as sufficient to authorize the action. Pasch. Dig., art. 5303.

The cases cited by the appellee in support of the ruling of the court below upon examination do not appear to be decisive of the question here presented. Traylor v. Hubbard, 22 Southwestern Reporter, 241, decided by this court, was a suit by a purchaser of the land from the State against a party in possession who was claiming it under the homestead donation law, and had the right of possession; and the question decided was as to the sufficiency of his possession to entitle him to perfect his claim. He was not the plaintiff in the suit, and did not have to show title sufficient to maintain the action of trespass to try title, but only the right of possession. Nor do any of the other cases cited present such

a case as this. The practice in bringing suits upon this character of a claim to land has been to join the surveyor with the party asserting the adverse right, and pray for a mandamus against him to compel him to make the survey, but in this case the appellee brought the suit, which, stripped as it was of its character as an action of damages against the officers and their sureties, became a suit for the recovery of the land in the nature of an action of trespass to try title. The statute plainly shows that the title of the appellee was insufficient to maintain such an action. Thomson v. Locke, supra.

We are therefore of the opinion that the court below erred in not sustaining the demurrer to the petition, and that the judgment of the court below should be reversed and the cause dismissed.

The appellant has presented several other assignments of error in his brief. Some of them appear to have been well taken, but since we have concluded that the demurrer should have been sustained, it becomes unnecessary to consider these questions.

*Reversed and dismissed.*